

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann

AUSTIN 11, TEXAS

ATTORNEY GENERAL

Hon. T. F. Slack
County Attorney
Reeves County
Pecos, Texas

Opinion Number O-5584
Re: Is the recent Act of the Legisla-
ture, which grants to the State Board
of Education an option to purchase re-
funding bonds, issued to refund bonds
owned by the State Permanent School
Fund, applicable to the refunding of
the Reeves County Courthouse and Jail
Bonds in question?

Dear Sir:

We are in receipt of your letter of recent date read-
ing as follows:

"On November 25, 1942, Reeves County entered
into a contract with B. V. Christie & Company to
refund $92,500. Reeves County Courthouse and Jail
Bonds of an issue now outstanding in the amount of
$105,000, the remainder to be discharged out of
available sinking funds. Under this contract, B.V.
Christie & Company was granted an option to pur-
chase the refunding bonds, bearing interest at the
rate of 3 1/2% per annum, at par and accrued inter-
est. B. V. Christie & Company has recently exer-
cised the option granted by the contract to purchase
these bonds.

"Subsequent to the making of this contract, the
Legislature enacted Chapter 248, Acts of the 48th
Legislature, Regular Session, which grants to the
State Board of Education an option to purchase re-
funding bonds issued to refund bonds owned by the
State Permanent School Fund. The State Permanent
School Fund now owns $93,000 in principal amount of
the County's Courthouse and Jail Bonds which have
been called for redemption on September 30, 1943,
pursuant to the opinion of the Supreme Court in the
recent case of Cochran County v. Mann.

"I would appreciate your valued opinion as to
whether or not this recent Act of the Legislature
is applicable to these particular bonds and whether
or not it is necessary for the County Judge to com-
ply with the terms of that statute in regard to

notifying the Board of the terms under which the
County has agreed to sell the refunding bonds to
B. V. Christie & Company.

"Article I, Section 16, of the Constitution of
Texas, and Article I, Section 10, of the Constitu-
tion of the United States, forbid the enactment of
laws impairing the obligations of contracts. These
constitutional provisions apply to the contracts be-
tween States and individuals. The State of Indiana
v. Brand, 303 U.S. 95, 82 L.Ed. 685, Johnson v.
Smith, 246 S.W. 1013 (Supreme Court of Texas). They
also apply to contracts between political subdivi-
sions of States and individuals. Shapleigh v. San
Angelo, 156 U.S. 646, 42 L.Ed. 310, Payne v. First
National Bank, 291 S.W. 209 (Comm. App.).

"In 9 Texas Jurisprudence, 543, the nature of the
protection of contracts against impairment afforded
by both Constitutions is stated as follows:

"'The constitutional provision is violated when-
ever there is any invasion of the effect of a con-
tract "in however small a particular"; the contract
need not be entirely or even materially impinged upon.

"'"The utmost freedom to enter into any contract
permitted by existing law is the inherent right of
every citizen, and when he exercises that right in a
lawful way, no Legislature has the power to disturb
the purposes or effect, or in any manner rewrite any
of the provisions of that contract, or make a new
contract for him, and the right to comply with and
enforce its provisions as written is fixed and vested.
The degree in which the offending statute may impair
the obligation of contract is immaterial. The only
question is, Has the obligation been encroached upon
in any respect?"'

"Under its contract with the County, B. V. Chris-
tie & Company is given the right to purchase the re-
funding bonds. This right is a creature of the con-
tract. If the above mentioned Act of the Legislature
grants a prior right to the State Board of Education,
it seems clear that the rights of B. V. Christie &
Company are thereby impaired. Since this is prohib-
ited by both Constitutions, it is my opinion that this
statute does not apply to the bonds covered by the
preexisting contract.

"The State Board of Education meets again on September 6th and I would greatly appreciate your opinion on this question before that date if it is conveniently possible. Please send a copy of your opinion to the State Board of Education."

Replying to the above you are advised that under the facts as stated, it is our opinion that the authorities cited by you sustain your position. Both the State and the United States Constitutions forbid the enactment of laws impairing the obligation of contracts. It follows that if B. V. Christie & Company entered into a valid contract with Reeves County prior to the passage of Chapter 248, Acts of the Forty-eighth Legislature, Regular Session, said Chapter 248 is not applicable to these bonds and it is not necessary for the County Judge to comply with the terms of same in regard to notifying the Board of Education of the terms under which the county has agreed to sell the refunding bonds to B. V. Christie & Company, but it is sufficient if it be made known to the Board that a valid contract had been made prior to the passage of said Chapter 248, giving to said Company the option to purchase the refunding bonds.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ C. F. Gibson
C. F. Bigson, Assistant

APPROVED SEP 3, 1943
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED: OPINION COMMITTEE
BY:        BWB, CHAIRMAN

CFG-s:wb